**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA

v.                                                          Case No. 6:13-cr-94-Orl-22GJK

JONATHAN ADLETA

**ORDER**

This cause is before the Court on the following:

1. Defendant Jonathan Adleta's Motion in Limine to Exclude Evidence Sought to Be Introduced Under Federal Rules of Evidence 413, 414, and 404(b) (Doc. 54), filed August 12, 2013; and

2. Government's Response Opposing Defendant's Motion in Limine to Exclude Evidence (Doc. 59), filed August 20, 2013.

Upon consideration, the Court hereby denies Defendant's motion in limine.

**BACKGROUND**

Defendant is charged with knowingly causing the interstate transportation of minor victim 1 ("V1") with the intent that V1 engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a). (Doc. 17.) Specifically, the Government intends to prove that, in late December, 2012, Defendant arranged for V1's mother and her children to fly from Orlando, Florida to Tulsa, Oklahoma, where Defendant allegedly engaged in illegal sexual activity with three-year-old V1. (Doc. 59, p. 3.)

The Government intends to introduce a variety of similar-act and character evidence pursuant to Federal Rules of Evidence 413, 414, and 404(b), including evidence that: (1) Defendant committed an additional, uncharged molestation upon four-

year-old victim 3 ("V3") during roughly the same time period as that of the offense charged in the indictment; and (2) Defendant possessed and received child pornography, including illicit images of V1's one-year-old brother. (Doc. 54, p. 2; Doc. 59, p. 1.) Further, the Government intends to introduce, as evidence of Defendant's knowledge, motive, and intent to commit the crime charged, several admissions excerpted from Defendant's diaries and electronic communications with V1's mother. (Doc. 54, p. 2; Doc. 59, p. 3.)

On August 12, 2013, Defendant filed a motion in limine requesting that the Court exclude all of the above-referenced evidence. (Doc. 54, p. 1.) Defendant argues that the Government's decision to charge him under 18 U.S.C. § 2423(a), rather than under a statute that more overtly criminalizes sexual assault or child molestation, places this action outside the scope of Rules 413 and 414 by failing to "accuse" the Defendant of "sexual assault" or "child molestation" as those terms are defined in the Rules. (*Id.* at 2–6.) Further, Defendant argues that the Government's evidence is all either irrelevant or unduly prejudicial. (*Id.* at 6–14). The Government opposes Defendant's motion. (Doc. 59.) This matter is now ripe for the Court's adjudication.

## STANDARDS

Typically, a court cannot admit evidence of a person's character or traits in order to "prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1), (b)(1). However, Rules 413 and 414 provide exceptions which permit propensity evidence in cases involving sexual assault and child molestation. *See United States v. Batton*, 602 F.3d 1191, 1196 (10th Cir. 2010). Under Rule 413(a), "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault."

Similarly, under Rule 414(a), "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation." Under both rules, "[t]he evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 413(a), 414(a).

If a court concludes that the proffered evidence falls within the scope of Rule 413 or 414, it must next conduct a Rule 403 balancing test. *See United States v. McGarity*, 669 F.3d 1218, 1244 n.32 (11th Cir. 2012); *Batton*, 602 F.3d at 1198. Rule 403 permits the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury . . . ." Significantly, Rules 413 and 414 reflect Congress's view that propensity evidence from other sexual abuse and child molestation is probative and should ordinarily be admitted. *United States v. Kelly*, 510 F.3d 433, 437 (4th Cir. 2007) (citation omitted). The U.S. Court of Appeals for the Eleventh Circuit has not explicitly enumerated the factors courts should consider when applying Rule 403 balancing to Rule 413 or 414 evidence,[1] but it has consistently deferred to the discretion of district courts and cautioned that Rule 403 is a rule of inclusion. *See United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011) (directing courts to "look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact") (citation omitted). Those Circuits that share the Eleventh Circuit's position on Rule 403 suggest that courts should focus on: "(i) the similarity between the previous offense and the charged crime, (ii) the temporal proximity between the two crimes, (iii) the frequency

---

[1] A Circuit split exists regarding the precise application of Rule 403 to Rules 413 and 414. *See generally Martinez v. Cui*, 608 F.3d 54, 60 (1st Cir. 2010) (discussing the varying emphases different Circuits place upon the judicially constructed factors that courts should consider while applying a 403 balancing test to 413 or 414 evidence).

of the prior acts, (iv) the presence or absence of any intervening acts, and (v) the reliability of the evidence of the past offense." *Kelly*, 510 F.3d at 437.

## DISCUSSION

### I.    18 U.S.C. § 2423(a)

Defendant initially argues that the Government's charging decision renders Rules 413 and 414 inapplicable in this case. The Government charged Defendant with violating 18 U.S.C. § 2423(a) by knowingly causing the transportation of a minor in interstate commerce with the intent that the minor engage in criminal sexual activity. (Doc. 17.) Defendant contends that the charge fails to trigger the propensity inference exception because it does not constitute an accusation of "sexual assault" or "child molestation" as defined by Rules 413 and 414. (*See* Doc. 52, p. 2.)

Significantly, Rule 413 and 18 U.S.C. § 2423(a) share a common feature: they both necessarily function in tandem with other criminal statutes. Rule 413 defines "sexual assault" by reference to existing state and federal laws: "sexual assault" means any crime under state or federal law "involving" either "conduct prohibited by 18 U.S.C. chapter 109A" or any of the acts enumerated in subsections (d)(2) through (d)(5). Fed. R. Evid. 413(d); *see also* Fed. R. Evid. 414(d) (similarly defining "child molestation" by external reference). Likewise, § 2423(a) incorporates by reference other criminal laws into its *mens rea* element by criminalizing the transportation of minors in interstate commerce "with intent that the [minor] engage in . . . any sexual activity for which any person can be charged with a criminal offense."

In this case, the Government has indicated that it plans to meet its burden of proving *mens rea* by introducing evidence that Defendant intended to—and allegedly actually did—place "his penis in the hand and in the mouth of three-year-old V1 when

4

she arrived in Oklahoma, as charged in the indictment." (Doc. 69, p. 8.) This conduct, prohibited by both state and federal law,[2] falls squarely within the definition of both "sexual assault" and "child molestation" under Rules 413 and 414. This Court therefore is not persuaded that 413 and 414 fail to reach Defendant's alleged actions merely because 18 U.S.C. § 2423 criminalizes them by reference rather than overtly.[3]

## II.   Similar-Act Evidence

The Court now turns to whether the Government's proffered similar-act evidence satisfies the remaining requirements of Rules 413, 414, and 403.

### A. Prior Abuse of V3

The Government seeks to introduce evidence that, during roughly the same time frame as the charged offense, Defendant committed uncharged sexual abuses on V3. (Doc. 59, p. 1.) If true, these acts would constitute criminal sexual assault and child molestation under the same state and federal statutes that apply to V1. (*Id.* at 5–6, 9.) Accordingly, the proffered evidence qualifies as similar-act evidence under Rules 413 and 414. *Johnson*, 283 F.3d at 154–55.

As to Rule 403 balancing, this evidence is naturally prejudicial. It is, however, not

---

[2] As the Government noted in its response to Defendant's motion in limine, Oklahoma law criminalizes parental sexual abuse and lewd and lascivious acts perpetrated upon a child (*see* 21 Okla. Stat. §§ 843.5, 1123), and the definition of "sexual act" in 18 U.S.C. § 2246(2)(B) includes contact between the penis and mouth.

[3] Indeed, a more narrow interpretation of the rules would conflict with both their plain language and the legislative intent that "courts are to 'liberally' admit evidence of prior uncharged sex offenses" where it is necessary to a fully informed disposition of sex abuse and child molestation cases. *United States v. Meacham*, 115 F.3d 1488, 1492 (10th Cir. 1997). Moreover, courts throughout the country consistently apply Rules 413 and 414 to 18 U.S.C. § 2423. *See*, e.g., *Kelly*, 510 F.3d at 435; *United States v. Sims*, 161 F. App'x 849, 850 (11th Cir. 2006). The U.S. Court of Appeals for the Tenth Circuit in particular has previously addressed Defendant's argument directly and rejected it. *See United Batton*, 602 F.3d at 1196.

*unfairly* prejudicial, but rather is prejudicial "for the same reason it is probative—it tends to prove [the defendant's] propensity to molest young children." *Kelly*, 510 F.3d at 438. It is therefore directly relevant to the Defendant's intent at the time of the charged offense. Further, considering the substantial similarity between the charged crime and the repeated prior abuses allegedly committed upon V3, the near contemporaneity of the crimes, the absence of any material intervening acts, and the reliability of the Government's proffered evidence, this Court finds that evidence of Defendant's prior sexual abuse of V3 is admissible. *See id.* at 437.

### B. Child Pornography

The Government additionally seeks to introduce evidence that Defendant possessed and received child pornography, some of which depicts the one-year-old brother of V1. (Doc. 59, pp. 1, 5–6.) As addressed above, Defendant has been charged with a crime involving Rule 414 child molestation. Rule 414 also defines an offense of "child molestation" as a crime involving "any conduct proscribed by chapter 110 of title 18, United States Code," which includes "18 U.S.C. § 2252A(a)(2) (receipt of child pornography) and 18 U.S.C. § 2252A(a)(5)(B) (possession of child pornography)." *United States v. Woods*, 684 F.3d 1045, 1064 (11th Cir. 2012). Thus, Defendant's possession of child pornography is admissible under Rule 414 so long as it passes the Rule 403 balancing test.

Possessions of child pornography and child molestation are often related and are mutually relevant. *See id.* at 1064 (holding that Defendant's admission of his prior molestation of his niece was relevant to his interest in child pornography); *United States v. Carino*, 368 F. App'x 929, 930 (11th Cir. 2010) ("[I]n prosecutions for possession or receiving child pornography evidence that a defendant has engaged in child molestation

6

in the past is admissible as evidence that he is more likely to have committed the offense charged"); *United States v. Hersh*, 297 F.3d 1233, 1242 (11th Cir. 2002) (discussing perceptions by courts and Congress that child pornography and child molestation are related offenses). Defendant's pornography apparently consists of illicit images of a close family member of the victim as well as other minors and is thus substantially similar to the acts charged in the indictment. Given this similarity, and considering all other relevant circumstances, this Court finds that the probative value of defendant's possession of child pornography outweighs any prejudice, and the evidence is therefore admissible.

**III.   Admissions**

Finally, the Government intends to offer several admissions from Defendant that were pulled from his 2010 diary entries and from text and skype conversations between Defendant and V1's mother.[4] (Doc. 59, p.1.) These admissions, which span from a few years before the charged offense to just months afterwards, consist largely of Defendant's statements about his attraction to minors (V1 in particular), his plans to engage in sexual activity with them, and, subsequent to the charged offense, his admissions to having actually abused minor V1. (Doc. 59, pp. 1, 15–19; Doc. 54, pp. 10–14.)

Defendant argues that all of these statements should be excluded as irrelevant to the charged offense, as falling outside of the scope of Rule 404(b), and as having an unduly prejudicial effect. (Doc. 54, pp. 10–14.) The Court disagrees. Defendant's

---

[4] To the extent that Defendant's admissions pose the risk that jurors might confuse or conflate Defendant's admissions with those of third persons, Counsel is free to object contemporaneously and the Court can adequately mitigate that risk with an appropriate limiting instruction.

admissions are not extrinsic to the charged offense, but rather constitute "evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime." *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998). Accordingly, 404(b) is not implicated, [5] and the admissions are admissible as an "integral and natural part of an account of the crime." *Id.*

As to the 403 balancing test, the statements are highly relevant to Defendant's intent at the time of the crime, and any prejudicial effect stemming from the statements would not substantially outweigh their considerable probative value.

## CONCLUSION

The Court concludes that Government's proffered evidence is admissible and its relevance is not substantially outweighed by the risk of unfair prejudice.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Jonathan Adleta's Motion in Limine to Exclude Evidence Sought to be Introduced under Federal Rules of Evidence 413, 414, and 404(b) (Doc. 54) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 3, 2013.

ROY B. DALTON JR.
United States District Judge

---

[5] Even if this were not the case, the admissions would still be admissible under 404(b) as evidence of Defendant's motive and intent to commit the charged crime. *See United States v. Mooney*, 303 F. App'x 737, 742–43 (11th Cir. 2008) (affirming the admissibility of chat sessions and child pornography found on the defendant's computer under Rule 404(b) as relevant to prove the defendant's intent to prey on young children where the defendant was charged with enticement of a minor to engage in sexual activity and aggravated sexual abuse with a minor); *United States v. Rojas*, 145 F. App'x 647, 650 (11th Cir. 2005) (affirming the admissibility of the defendant's sexually explicit online chats with a minor under Rule 404(b) as relevant to show the defendant's intent to engage in sexual activity with another minor).

Copies:
Counsel of Record