UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA          CASE NO.: 6:13-cr-00094-ORL-22GJK

    Plaintiff,

vs.

JONATHAN ADLETA

    Defendant.
_____/

## OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT

**COMES NOW** the Defendant, by and through his counsel, respectfully raising the following objections to the United State's Office of Probation's Pre-Sentence Investigation report:

1. The defendant objects to the findings under the title Offense Conduct, paragraphs 8 through 25 of the Presentence Investigation Report (Hereinafter PSIR).

2. The defendant also objects to paragraph 25 of the PSIR specifically because the rendition of the alleged facts alleges that "a picture of Adleta rubbing his erect penis on V3" was discovered on a computer recovered from a computer after a search of a home in Glenpool, Oklahoma. The alleged picture, however, does not have a picture of the man's face who is in the picture. Thus, there is insufficient proof of who was in the picture, and that it was the defendant. The defendant includes this objection as an additional objection to the general objection to the factual allegations in paragraph 1 above.

3. The defendant also objects to paragraph 54 of the PSIR enhancing his offense level by five due to the allegation he engaged in a pattern of activity involving prohibited sexual conduct. The defendant believes there was insufficient proof that he engaged in sexual activity on "at least two occasions." Cf. United States v. Carter, 292 F. App'x 16, 20 (11th Cir. 2008).

The verdict does not reflect that the jury found that Mr. Adleta ever committed a sex act at all. The verdict finds that the defendant aided and abetted the transportation of a minor in interstate commerce for purposes of sexual activity. This could have been that the jury found Mr. Adleta guilty of aiding Sarah Adleta in taking the children to see Aaron Dixon in North Carolina. Or that Mr. Adleta was guilty of aiding Sarah Adleta in bringing the children to Oklahoma so that Sarah Adleta could perform a sex act. Further, the conspiracy verdict does not prove a pattern of conduct either, in that it merely finds the Defendant guilty of agreeing to transport the victim interstate commerce, not that he took an act in furtherance of said agreement, and not that the defendant actually committed a sex act.

Due to the broad nature of the allegations the Government must prove by a preponderance of the evidence that the Defendant engaged in a pattern of activity involving prohibited sexual conduct. A pattern of activity involving prohibited sexual conduct has not been proven and the five guideline level enhancement should not added.

Thus, preserving all other objections, the guideline level should be reduced by 5 from 47 to 42.

**Respectfully submitted** 30th day of December 2013,

_____
MATTHEWS R. BARK, ESQUIRE

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by using the CM/ECT system, which will send a notice of electronic filing to the following: Karen L. Gable, Assistant US Attorney, 501 W Church Street, Suite 300, Orlando Florida 32805, email: karen.gable@usdoj.gov; Illanys Rivera Miranda, Assistant US Attorney, 501 W Church Street, Suite 300, Orlando Florida 32805, email: ilianys.rivera.usdoj.gov; and email: orldocket.mailbox@usdojgov, and david_salce@flmp.uscourts.gov this 30th day of December, 2013.

_____
MATTHEWS R. BARK, ESQUIRE
Florida Bar No. 0034743
MATTHEWS R. BARK, P.A.
999 Douglas Avenue, Suite 3317
Altamonte Springs, FL 32714
T/ 407-865-8888
F/ 407-865-9197
Counsel for Defendant
matthews.bark@gmail.com